| iWICKER, Judge.
This appeal arises from a disputed claim for compensation filed June 21,1991 with the Office of Worker’s Compensation (OWC) by Ronald J. Griffin against his employer, Container Carrier Corporation, and its insurer, Insurance Company of North America. The claim is based on an accident occurring July 16, 1984. Griffin states he suffered low back injury and now seeks additional medical expenses as well as an increase in supplemental earnings benefits (SEB). He contends OWC set the supplemental earnings benefits at $127.27 per week as of November 10, 1988 and that the insurer is only paying him $122.84 per week. Furthermore, he urged the hearing officer to recalculate his SEB by recomputing his average weekly wage. Finally, he seeks penalties and attorneys fees.
In defense the defendants urge they paid $122.84 per week in SEB pursuant to a judgment rendered in the Civil District Court of the Parish of New Orleans on November 10, 1988. They admit being sent a copy of the OWC recommendation dated September 7, 1989 wherein the OWC recommended his SEB be $127.27. They state that a check for $464.67 was issued to Griffin on July 30,1991 to make up the difference of $4.43 per check from the date of the November judgment through July 19, 1991.
|2The defendants also reconvene stating that as of July 19, 1991 Griffin’s SEB was lowered to $110.33 per week since vocational rehabilitation indicated he could earn wages which would justify the lowering of his SEB. They also contend he is no longer eligible for SEB since May 12,1992 because employment has been located for him paying an excess of 90% of his preinjury wages. Later they amended their reconventional demand to request that Griffin’s SEB be reduced by 50% pursuant to La.R.S. 22.T226E since he has failed to cooperate with vocational rehabilitation in these specialists’ attempts to help relocate him in a suitable employment position.
Griffins’ claim for worker’s compensation as a result of the 1984 accident was originally heard in the Civil District Court for the Parish of New Orleans. Two judgments were rendered from that court. The first judgment was rendered June 27,1986 awarding Griffin weekly worker’s compensation in the amount of $226.64 from May 15, 1985 until further orders of the court for temporary total disability. He was also awarded certain unpaid medical expenses.
The second judgment was rendered November 10, 1988 and is styled “Judgment on Motion to Modify Judgment and to Recover Medical Expenses.” That judgment denied Griffin’s motion to recover medical expenses. It also awarded Griffin SEB from the date of *646 the judgment for a period not to exceed 525 weeks. In its reasons for judgment the trial court disallowed the medical expenses claimed by Griffin since the evidence showed these were related to a subsequent 1987 automobile accident.
In the current proceeding the hearing officer denied Griffin’s demands for recomputation of his average weekly wage, payment for medical treatment, penalties and attorney’s fees. He also ruled that the reduction of SEB by the defendants in July 1991 was proper. Additionally, he granted judgment in favor of the defendants on the reeonven-tional demand and reduced Griffin’s SEB by 50% or to $55.16 per week in accordance with La.R.S. 23:1226 E. He cast the defendants for the costs but did not order |3them to pay the expert fee. Griffin now appeals that judgment.
In his reasons for judgment the hearing officer explained he would not consider any matters which were adjudicated by the district court. He determined that Griffin’s weekly wages and medical status were adjudicated in the prior proceeding. Nevertheless, his judgment does indicate he did consider these matters since he denied the claims rather than dismissing them for what he evidently believed was his lack of subject matter jurisdiction.
This court ex propria moto notices its lack of subject matter jurisdiction over this matter based on Acts 1989, No. 260, § 1 effective June 26, 1989 which provided for the handling of cases caught between the old and new law. Under the new law hearing officers handle claims and the de novo review of the district court is abolished. La.R.S. 23:1310.3(A)(4); La.R.S. 23:1310.5 and 23:1310.7.
Acts 1989, No. 260, § 1 provides in pertinent part:
Section 4(A) A claim arising from an injury which occurred prior to July 1,1983, shall be resolved in the same manner as other civil matters.
(B) A claim arising from an injury which occurred on or after July 1, 1983, shall be heard and resolved according to the procedures provided for in this Act.
(C) However, claims filed with the director prior to January 1, 1990, but which are not resolved, whether by the parties’ acceptance of the director’s recommendations, compromise settlement, or judgment of a court, shall be resolved by the procedures in effect prior to January 1, 1990.
The issue in this case is whether Section 4(B) or Section 4(C) applies. We conclude Section 4(C) applies and that there was no legislative authority for the hearing officer to hear these claims. The district court has continuing jurisdiction to enforce its orders. Ross v. Highlands Ins. Co., 590 So.2d 1177 (La.1991). Accord Chaisson v. Risk Management, 618 So.2d 9 (La.App. 3rd Cir.1993). Additionally, Griffin’s claim for worker’s compensation was heard by the district court prior to January 1, 1990 and was not yet resolved insofar as SEB and any continuing |4future medical treatment from the 1984 accident. Acts 1989, No. 260, § 1.
Although the district court did not set a specific amount for SEB it did render a judgment granting Griffin entitlement to SEB. It continued to have jurisdiction to enforce this order. Ross, supra.
The record reflects OWC issued a letter dated September 7, 1989 giving a recommendation that SEB be set at $127.27 per week from the date of the judgment of November 10, 1988. We make no determination as to the accuracy or the import of this letter other than to note that the district court’s jurisdiction over this matter still continued at that time.
Under the prior law the recommendation by OWC was “advisory only” ... and was not to “be accorded any presumption of correctness.” Turner v. Maryland Cas. Co., 518 So.2d 1011 (La.1988). Furthermore, an agreement by the parties to the recommendation by OWC could not be enforced by OWC but was enforceable only through a civil action. Turner, supra.
Despite his contention to the contrary, Griffin is not asserting any new claims. His present claims are alleged to be based upon the 1984 accident for which the district court has already ruled regarding his entitlement or lack thereof. These claims have not yet *647 been resolved. Acts 1989, No. 260. § 1. Appellant’s counsel conceded at oral argument that appellant was grossly underpaid temporary total disability but that he can do nothing about this injustice. Nevertheless, he argued that the amount of SEB had not yet been established and that he should not be precluded from introducing evidence as to the actual weekly wage earned. We agree. We are not persuaded by appellee’s argument that since the district court judge set a certain amount for temporary total disability he necessarily judicially determined the average weekly wage forever precluding appellant from introducing evidence to establish SEB. The former judgment establishing temporary total disability was subsequently modified and amended. The district court awarded SEB benefits but did not |sset the amount. It would be grossly unfair to rule that appellant is never entitled to have the district court, which has continuing jurisdiction, to set the amount to which he can prove entitlement.
The district court has previously rendered a judgment regarding entitlement to future medical expenses and SEB, the same issues which are raised herein.
Accordingly, for the reasons stated, the judgment of the hearing officer rendered April 12, 1993 is annulled, vacated and set aside. Acts 1989, No. 260, § 1. This case is transferred and remanded to the Civil District Court for the Parish of Orleans in proceeding number 85-11884, Division “B”, entitled Ronald J. Griffin v. Container Carrier Corporation for further proceedings.

JUDGMENT ANNULLED, VACATED AND SET ASIDE; CASE TRANSFERRED AND REMANDED TO THE CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS.