647 So.2d 633 (1994)
CNA INSURANCE COMPANY, Plaintiff-Appellant,
v.
Debra K. TIBBITTS, Defendant-Appellee.
No. 94-684.
Court of Appeal of Louisiana, Third Circuit.
December 7, 1994.
*634 Joseph R. Ballard, Alexandria, for CNA Ins.
Stephen E. Everett, Alexandria, for Debra K. Tibbitts.
Before KNOLL and WOODARD, JJ., and BERTRAND,[1] J. Pro Tem.
KNOLL, Judge.
An employee filed a declinatory exception of lack of subject matter jurisdiction after her employer's worker's compensation insurer filed a motion to compel vocational assessment in the Office of Worker's Compensation (OWC). The OWC granted the exception and dismissed the motion without prejudice. We reverse and remand.

Facts
Debra Tibbitts (Tibbitts), defendant, worked for Dick Eastman Stucco Company until she had an accident on May 19, 1988. On June 27, 1989, Tibbitts filed suit in the 13th Judicial District Court for worker's compensation benefits. The district court entered a consent judgment between Tibbitts and Dick Eastman Stucco Company on January 11, 1991. The consent judgment ordered Dick Eastman Stucco Company to pay Tibbitts past due weekly worker's compensation benefits, past due medical expenses, future weekly worker's compensation benefits in the amount of $124 per week, and all future medical and rehabilitation expenses until further orders of the district court upon a contradictory hearing as provided by law.
In early 1991, Dick Eastman Stucco Company's worker's compensation insurer, CNA Insurance Company (CNA), plaintiff herein, asked Tibbitts to submit to vocational rehabilitation and assessment. Tibbitts refused to cooperate. Thereafter, CNA filed a motion to compel vocational assessment of Tibbitts with the OWC on September 13, 1993; CNA also filed a disputed claim for compensation with the OWC on October 8, 1993.
On November 19, 1993, Tibbitts responded to CNA's motion to compel vocational assessment by filing a declinatory exception to jurisdiction, asserting that the OWC lacked jurisdiction over the proceedings. On February 7, 1994, the OWC granted Tibbitts' exception and dismissed CNA without prejudice. CNA appeals this judgment. The sole issue on appeal is whether the OWC has jurisdiction in this matter.

Jurisdiction of the Office of Worker's Compensation
Before 1983, worker's compensation claims were filed and enforced in the district courts. After 1983, the Louisiana Legislature created the OWC to administer worker's compensation claims. However, opinions by the OWC were only advisory; if one or both of the parties disputed the findings of the OWC then either of them could seek a de novo review of the OWC's proceedings in district court. In 1988, the legislature usurped the district courts' ability to review OWC decisions and gave the power of review to the courts of appeal. After a successful constitutional attack of the OWC system in the Louisiana Supreme Court, the legislature amended *635 the Louisiana Constitution to accommodate its changes. See John Devlin, Louisiana Constitutional Law, 51 La.L.Rev. 295, 314 (1990).
Attempting to facilitate efficient resolution of worker's compensation cases caught in the transition between the old district court system of review and the new hearing officer system of review, the legislature enacted Acts 1989 No. 260, which states in pertinent part:
Section 4.(A) A claim arising from an injury which occurred prior to July 1, 1983, shall be resolved in the same manner as other civil matters.
(B) A claim arising from an injury which occurred on or after July 1, 1983, shall be heard and resolved according to the procedures provided for in this Act.
(C) However, claims filed with the director prior to January 1, 1990, but which are not resolved, whether by the parties' acceptance of the director's recommendations, compromise settlement, or judgment of a court, shall be resolved by the procedures in effect prior to January 1, 1990.
While the legislature attempted to create a bright line separating the old system from the new with Act 260, the act created continued confusion for lack of a clear definition of the words "claim" and "resolved." In 1991, the Louisiana Supreme Court, in Ross v. Highlands Ins. Co., 590 So.2d 1177 (La.1991), interpreted the language of Act 260 and assigned meaning to the words "claim" and "resolved."
In Ross, supra, an employer refused to pay an injured employee's medical expenses. After rejecting the OWC's recommendation, the employee filed suit against his employer in district court in 1989. In April of that year, the district court signed a consent judgment ordering the employer to pay for the employee's past and future medical expenses. Despite an additional district court order, the employer still refused to pay the employee's medical bills. Thereafter, the employee filed suit in the district court seeking enforcement of the consent judgment and order. The employer responded by filing a declinatory exception to subject matter jurisdiction, alleging that the OWC had jurisdiction over the employee's petition for enforcement because it constituted a "new claim." The district court denied the exception and the appellate court reversed the district court. Id. at 1179.
The Louisiana Supreme Court in Ross, supra, granted certiorari to decide whether a petition for enforcement of a consent judgment and order constituted a "new claim" within the meaning of Act 260 and whether the 1988 amendments to the Worker's Compensation Act divested the district court of jurisdiction to enforce its judgment and award attorney's fees and penalties. Id. at 1179-80. The court ultimately concluded that the employee's petition for enforcement failed to constitute a "new claim" which would have divested the district court of jurisdiction within the meaning of Act 260.
In reaching its conclusion, the court stated several axioms useful for deciding whether the OWC or the district court has jurisdiction within the meaning of Act 260:
(1) "Proper characterization of the petition, thus, lies at the heart of the matter." Id. at 1179.
(2) "If it were a new claim it clearly would be covered by the post-amendment procedure, which requires the OWC to hear claims in the first instance." Id. at 1179.
(3) "[W]e believe the term `resolved' in paragraph (C) refers to matters in need of no further handling, under the old system or the new." Id. at 1181.
(4) "The term `claim' is nowhere defined in the Worker's Compensation Act. Nonetheless, it is clear from the context of provisions using the term that the underlying claim for relief is what is meant, not the enforcement of a judgment. A claim is initiated by the filing of a petition with the OWC once an issue surfaces which the parties cannot themselves resolve. An action for enforcement of a judgment is not the same thing as an action on an underlying claim, nor is it a `new claim.'" (Citations omitted). Id. at 1181.
(5) "It is important to note what is sought is not modification of the judgment. Were it modification, the OWC clearly would have to hear the case in the first instance. *636 In this suit, however, the plaintiff seeks additional attorneys' fees and penalties for the defendants' contumacy. This demand is not a `new claim' because the underlying claim is the same. Nor is it a demand for modification. The original judgment of the district court will stand unchanged. Rather, it is a demand for something purely incidental to enforcement." (Citations omitted). Id. at 1183.
Therefore, following the propositions set forth by the Louisiana Supreme Court in Ross, supra, we can determine whether a suit should be heard in the district court or the OWC pursuant to Act 260. As indicated in Ross, supra, the analysis begins with the proper characterization of the petition. If the petition is a "new claim" then the OWC has jurisdiction. If the petition seeks modification then the OWC has jurisdiction. If the worker's compensation claim is "resolved" so that it requires no further "handling" then any additional petition would be a "new claim" to be heard in the OWC. If the petition is for enforcement of a judgment then it should be heard in the district court.
In the case sub judice, CNA filed a motion to compel vocational assessment. Based upon the facts of this case, we believe that CNA's motion to compel vocational assessment is properly characterized as a petition seeking modification of Tibbitts' compensation benefits. Clearly, CNA's motion to compel vocational assessment has at least one or all of the following objectives: first, to fulfill CNA's obligation to offer Tibbitts rehabilitation as required by LSA-R.S. 23:1226; second, to reduce Tibbitts' compensation benefits by 50% if she refuses a rehabilitation offer pursuant to LSA-R.S. 23:1226(E); and third, to discover whether Tibbitts' worker's compensation benefits require reduction. Finding that the motion to compel vocational assessment in this case is properly characterized as a petition seeking modification of worker's compensation benefits, we reverse the decision of the OWC dismissing CNA's motion to compel vocational assessment for lack of subject matter jurisdiction. Accordingly, we remand this case to the OWC for further consideration.

Decree
For the foregoing reasons, the decision of the OWC dismissing CNA's motion to compel vocational assessment for lack of subject matter jurisdiction is hereby reversed and the case remanded to the OWC for further consideration. Assessment of costs for the hearing are to be cast by the hearing officer at the conclusion of the trial. All costs of this appeal are assessed to CNA Insurance Company.
REVERSED AND REMANDED.
NOTES
[1] Judge Lucien C. Bertrand, Jr., Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.