666 So.2d 285 (1996)
Anita Rock FAUCHAUX
v.
The CITY OF NEW ORLEANS.
No. 95-C-2500.
Supreme Court of Louisiana.
January 12, 1996.
Rehearing Denied February 9, 1996.
PER CURIAM.
WRIT GRANTED. Claimant suffered an on-the-job injury in March of 1983 during her employment as a New Orleans city police officer. The City paid worker's compensation benefits until November of 1991, when benefits were terminated. Claimant thereafter filed a disputed claim with the Office of Worker's Compensation. The City filed an exception of lack of subject matter jurisdiction, arguing the OWC lacked jurisdiction over claims involving injuries occurring prior to July 1, 1983, and that proper jurisdiction was with the district court. The hearing officer maintained the exception. On appeal to the fourth circuit, the court of appeal reversed the hearing officer. The City filed a writ application with this court.
Act No. 260 of 1989, Section 1 provides:
(A) A claim arising from an injury which occurred prior to July 1, 1983, shall be resolved in the same manner as other civil matters.
(B) A claim arising from an injury which occurred on or after July 1, 1983, shall be heard and resolved according to the procedures provided for in this Act.
(C) However, claims filed with the director prior to January 1, 1990, but which are not resolved, whether by the parties' acceptance of the director's recommendations, compromise settlement, or judgment of a court, shall be resolved by the procedures in effect prior to January 1, 1990.
Because of the transition from the handling of claims by district courts to the handling of claims by the Office of Worker's Compensation, it was necessary for the legislature to set forth rules explaining in which forum various claims should be brought. Claimant's injury occurred prior to July 1, 1983. Under Section 1(A) of the Act, such a claim shall clearly be resolved in the district courts. See Long v. Insurance Co. of North America, 595 So.2d 636 (La.1992). The court of appeal erred in reversing the hearing officer's granting of the City's exception of lack of subject matter jurisdiction.
WRIT GRANTED, REVERSED AND RENDERED.