704 So.2d 289 (1997)
INSURANCE COMPANY OF NORTH AMERICA
v.
Richard SHELL.
No. 96 CA 2753.
Court of Appeal of Louisiana, First Circuit.
November 7, 1997.
David Butler, Baton Rouge, for Plaintiff/Appellant Insurance Co. of North America.
Alan Schoenberger, New Orleans, for Defendant/Appellee Richard Shell.
Before CARTER, WHIPPLE and FOGG, JJ.
*290 CARTER, Judge.
This is an appeal from a judgment rendered by an Office of Workers' Compensation ("OWC") judge granting an employee's declinatory exception raising the objection of lack of subject matter jurisdiction.

BACKGROUND
On December 19, 1985, appellee, Richard Shell ("Shell") was involved in an accident while in the course and scope of his employment. Shell subsequently filed suit in the Twenty-first Judicial District Court against his employer, Seventh Ward General Hospital ("Seventh Ward") and its workers' compensation insurer, Insurance Company of North America ("INA"), seeking workers' compensation benefits. A trial was held on January 5, 1987. On April 20, 1987, the trial court rendered judgment in favor of Shell and against Seventh Ward and INA for disability benefits in the amount of $254.00 per week, retroactive to December 19, 1985. The judgment also awarded Shell $4,307.90 in medical expenses. There was no appeal and this judgment is now final.

FACTS AND PROCEDURAL HISTORY
In July 1996, INA filed a Petition for Modification of Judgment or to Reduce Benefits for the Failure to Cooperate with Vocational Rehabilitation. In this petition, INA alleged that it had assigned a vocational rehabilitation specialist to perform vocational services for Shell, which services were rejected and/or ignored by Shell and his attorney. Accordingly, through the 1996 petition, INA sought to modify the 1987 judgment, which had declared Shell to be disabled, because employment had been located for Shell within the geographic area in which he was working at the time of the accident. Thus, INA asserted that no additional disability benefits were owed to Shell. Alternatively, INA contended that Shell's disability benefits should be converted to supplemental earnings benefits in light of the employment options now available to him. In the further alternative, pursuant to LSA-R.S. 23:1226,[1] INA sought a reduction in the weekly workers' compensation benefits because Shell failed to cooperate with the vocational rehabilitation specialist.
Shell responded to the petition by filing a declinatory exception raising the objection of lack of subject matter jurisdiction. In the exception and supporting memorandum, Shell argued that the petition filed by INA sought "at best, to amend or to modify the original Judgment and Order of the ... District Court." Relying on Griffin v. Container Carrier Corporation, 94-171 (La.App. 5th Cir. 7/26/94), 641 So.2d 644, Shell contended that the OWC lacked subject matter jurisdiction over the petition because the district court retained its inherent power and authority to enforce judgments and orders, as well as to modify any judgment or order previously rendered.
INA filed a memorandum in opposition to Shell's declinatory exception raising the objection of lack of subject matter jurisdiction. Relying on the Louisiana Supreme Court decision of Ross v. Highlands Insurance Company, 590 So.2d 1177, 1183 (La.1991), INA argued that a petition filed after January 1, 1990, seeking modification of a district court judgment, had to be heard by the OWC.
A hearing on the exception was held on September 5, 1996. At the conclusion of the hearing, the OWC judge granted the declinatory exception raising the objection of lack of subject matter jurisdiction, finding that "since [the matter] was tried and judgment rendered in the 21st Judicial District that anything pertaining to that judgment should go back to the 21st Judicial District." A judgment sustaining the exception and dismissing INA's claim was signed on September 13, 1996. INA appealed from the judgment, raising as its only assignment of error the trial court's grant of the declinatory exception raising the objection of lack of subject matter jurisdiction.

*291 JURISDICTION OF THE OFFICE OF WORKERS' COMPENSATION
Prior to 1983, jurisdiction over workers' compensation claims was vested in the civil district courts. Effective July 1, 1983, the Office of Workers' Compensation was established by the legislature to administer workers' compensation claims and to issue advisory recommendations. If either or both of the parties disputed the findings of the OWC, either party could seek a de novo review of the OWC's proceedings in district court. CNA Insurance Company v. Tibbitts, 94-684, p. 2 (La.App. 3rd Cir. 12/7/94), 647 So.2d 633, 634. In 1988, the Legislature revamped the workers' compensation procedure through 1988 La. Acts, No. 938, effective January 1, 1990. Under the new system, nine hearing officers were appointed to handle claims at the administrative level. The power of review of the decisions of the hearing officers was removed from the district courts and vested in the courts of appeal. District courts became relegated solely to the role of enforcing orders of the OWC. Ross v. Highlands Insurance Company, 590 So.2d at 1180. After a successful constitutional attack of the OWC system in the Louisiana Supreme Court, the legislature amended the Louisiana Constitution to accommodate its changes to the workers' compensation law. CNA Insurance Company v. Tibbitts, 647 So.2d at 634-35.
For workers' compensation cases caught in the transition between the old and new law, the legislature enacted 1989 La. Acts, No. 260, which amended sections 4 and 5 of 1988 La. Acts, No. 938, the act which had created the new workers' compensation law. See Ross v. Highlands Insurance Company, 590 So.2d at 1180; CNA Insurance Company v. Tibbitts, 647 So.2d at 635. Through the 1989 act, sections 4 and 5 of 1988 La. Acts, No. 938 were amended to state as follows:
Section 4. (A) A claim arising from an injury which occurred prior to July 1, 1983, shall be resolved in the same manner as other civil matters.
(B) A claim arising from an injury which occurred on or after July 1, 1983, shall be heard and resolved according to the procedures provided for in [Act 938].
(C) However, claims filed with the director prior to January 1, 1990, but which are not resolved, whether by the parties' acceptance of the director's recommendations, compromise settlement, or judgment of a court, shall be resolved by the procedures in effect prior to January 1, 1990.
In Ross, the supreme court interpreted the language and application of this act to determine when jurisdiction rested with the district court and when it rested with the OWC. The supreme court made the following conclusions pertinent to the resolution of the jurisdiction issue: 1) the proper characterization of the petition is at the heart of the jurisdiction issue; 2) a new claim clearly is covered by the post-amending procedure, requiring the claim to be heard first by the OWC; 3) the term "resolved" as used in the act refers to matters in need of no further handling, under the old system or the new; 4) the term "claim" refers to the underlying claim for relief, not enforcement of a judgment; and 5) the OWC clearly has to first hear cases seeking modification of a prior district court judgment. See Ross v. Highlands Insurance Company, 590 So.2d at 1179, 1181-83; CNA Insurance Company v. Tibbitts, 647 So.2d at 635. Thus, the law is clear that if a petition filed after January 1, 1990, either constitutes a "new claim," or seeks a modification of a prior district court judgment, the OWC has jurisdiction. See Ross v. Highlands Insurance Company, 590 So.2d at 1181, 1183; CNA Insurance Company v. Tibbitts, 647 So.2d at 635-36. However, if a petition seeks enforcement of a judgment, it should be heard in the district court. See Ross v. Highlands Insurance Company, 590 So.2d at 1181-82; CNA Insurance Company v. Tibbitts, 647 So.2d at 636.
In the present case, it is undisputed that the petition filed by INA in the OWC seeks modification of the prior district court judgment. Pursuant to Ross, it is clear that a petition filed after January 1, 1990, seeking modification of a prior district court judgment, must be heard by the OWC. Shell's contention that the power to modify a prior judgment awarding workers' compensation benefits remains with the district court is not supported by Ross. Also, Griffin does not *292 support Shell's position. To the contrary, Griffin held that the petition sought enforcement of a prior district court judgment, and as an enforcement action, the district court continued to have jurisdiction, to the exclusion of the OWC. Griffin v. Container Carrier Corporation, 641 So.2d at 646. Because the petition in the present case clearly seeks modification of the 1987 district court judgment, jurisdiction is proper in the OWC. Thus, the OWC judge erred in granting the declinatory exception raising the objection of lack of subject matter jurisdiction.

CONCLUSION
For the reasons set forth in this opinion, the judgment of the OWC is reversed and the case is remanded to the OWC for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed to Shell.
REVERSED AND REMANDED.
NOTES
[1] Louisiana Revised Statute 23:1226 E provides in pertinent part that "[r]efusal to accept rehabilitation as deemed necessary by the hearing officer shall result in a fifty percent reduction in weekly compensation, including supplemental earnings benefits ... for each week of the period of refusal."