RLeBLANC, J.
The plaintiff, Matthew C. Bolden, appeals a decision by the Office of Workers’ Compensation (OWC), which denied Terre-bonne Parish School Board’s (the defendant) exception raising the objection of lack of subject matter jurisdiction, sustained its exception raising the objection of prescription and dismissed Bolden’s disputed claim for compensation. After a thorough review of the record and applicable law, we find no error in either of the OWC’s findings and affirm.
Factual and Procedural Background
Bolden was injured in an accident on April 15, 1988.[1] In response to Bolden’s original claim for compensation, the OWC determined the accident was work-related and recommended that temporary total disability benefits and medical expenses be paid to Bolden from April 16, 1988 to October 6,1988.
On January 30, 1989, Bolden filed a petition for workers’ compensation benefits in the 32nd Judicial District Court, No. 93,-413 “D”, seeking total, permanent disability benefits, commencing on April 15, 1988 (the date of the accident), and “all benefits due as a result of total and permanent disability and additional sums for medical expenses incurred and to be incurred hereinafter by petitioner ... for disability....” On January 19, 1990, Bolden executed a “receipt and release” settling “any and all claims” against the defendant school board for compensation benefits, interest, penalties, and attorney’s fees from the date of the accident through January 19, 1990 (the date the document was executed). In conjunction therewith, on February 5, 1990, the trial court signed a “motion and order of partial dismissal” ^dismissing with prej *362 udice Bolden’s claims against the school board for benefits, interest, penalties and attorney’s fees, from the date of the accident up to and including January 19, 1990. This order also provided “that all rights are reserved unto Matthew Bolden, and no judicial determination is made herein, regarding any worker’s [sic] compensation weekly benefits to which he may be entitled after January 19,1990.... ”
One year following the rendering of the order of partial dismissal, on February 5, 1991, the defendant propounded interrogatories to Bolden seeking information regarding, among other things, the nature and extent of the medical treatment necessitated by the accident. Bolden provided answers to those interrogatories in September, 1991. On January 19, 1993, plaintiff filed a motion to set for trial on the merits which was denied by the trial court with the following notation: “The court is informed that this matter is not presently ready for trial so the above motion is presently denied.” No further action was taken in that suit.
On September 10, 1997, Bolden filed a disputed claim for compensation, which is the subject of this appeal, seeking benefits and medical expenses from October 22, 1990, the date of the last payment, to present.[2] (It is undisputed that subsequent to the above referenced settlement, Bolden received weekly benefits through October 22, 1990.) The school board answered the claim denying that Bolden had any continuing disability past October 22, 1990 for which it was obligated to provide benefits. Subsequently, the defendant filed a “pre-trial statement” with the OWC contending, among other things, that “the same claim as plaintiff asserts herein is pending ... No. 93,413 ‘D’ of the docket of the 32nd Judicial District Court....” Following this statement, the defendant filed exceptions of prescription, lis pendens, and' lack of subject matter jurisdiction.
|4The OWC rendered a judgment on February 12, 1998 denying the exception of lack of subject matter jurisdiction, finding that it had jurisdiction over the matter, sustaining defendant’s exception of prescription and dismissing Bolden’s claim. Bolden appeals, assigning error to each of these findings.
Subject Matter Jurisdiction
The issue regarding the proper forum for this matter arises out of the transition from the district court to the hearing officer system for handling workers’ compensation cases, which became effective on January 1, 1990. We discussed this transition and its effects in Insurance Company of North America v. Shell, 96-2753, pp. 3-5 (La.App. 1 Cir. 11/7/97); 704 So.2d 289, 291, as follows:
Prior to 1983, jurisdiction over workers’ compensation claims was vested in the civil district courts. Effective July 1, 1983, the Office of Workers’ Compensation was established by the legislature to administer workers’ compensation claims and to issue advisory recommendations. If either or both of the parties disputed the findings of the OWC, either party could seek a de novo review of the OWC’s proceedings in district court. CNA Insurance Company v. Tibbitts, 94-684, p. 2 (La.App. 3rd Cir.12/7/94), 647 So.2d 633, 634. In 1988, the Legislature revamped the workers’ compensation procedure through 1988 La.Acts, No. 938, effective January 1, 1990. Under the new system, nine hearing officers were appointed to handle claims at the administrative level. The power of review of the decisions of the hearing officers was removed from the district courts and vested in the courts of appeal. District courts became relegated solely to the role of enforcing orders of the OWC. Ross v. Highlands Insurance Company, 590 So.2d [1177] at 1180 [La. *363 1991]. After a successful constitutional attack of the OWC system in the Louisiana Supreme Court, the legislature amended the Louisiana Constitution to accommodate its changes to the workers’ compensation law. CNA Insurance Company v. Tibbitts, 647 So.2d at 634-35.
For workers’ compensation cases caught in the transition between the old and new law, the legislature enacted 1989 La. Acts, No. 260, which amended sections 4 and 5 of 1988 La. Acts, No. 938, the act which had created the new workers’ compensation law. See Ross v. Highlands Insurance Company, 590 So.2d at 1180; CNA Insurance Company v. Tibbitts, 647 So.2d at 635. Through the 1989 act, sections 4 and 5 of 1988 La. Acts, No. 938 were amended to state as follows:
| aSection 4. (A) A claim arising from an injury which occurred prior to July 1, 1983, shall be resolved in the same manner as other civil matters.
(B) A claim arising from an injury which occurred on or after July 1, 1983, shall be heard and resolved according to the procedures provided for in [Act 938].
(C) However, claims filed with the director prior to January 1, 1990, but which are not resolved, whether by the parties’ acceptance of the director’s recommendations, compromise settlement, or judgment of a court, shall be resolved by the procedures in effect prior to January 1, 1990.
In Ross, the supreme court interpreted the language and application of this act to determine when jurisdiction rested with the district court and when it rested with the OWC. The supreme court made the following conclusions pertinent to the resolution of the jurisdiction issue: 1) the proper characterization of the petition is at the heart of the jurisdiction issue; 2) a new claim clearly is covered by the post-amending procedure, requiring the claim to be heard first by the OWC; 3) the term “resolved” as used in the act refers to matters in need of no further handling, under the old system or the new; 4) the term “claim” refers to the underlying claim for relief, not enforcement of a judgment; [96 2753 La.App. 1 Cir. 5] and 5) the OWC clearly has to first hear cases seeking modification of a prior district court judgment. See Ross v. Highlands Insurance Company, 590 So.2d at 1179, 1181-83; CNA Insurance Company v. Tibbitts, 647 So.2d at 635. Thus, the law is clear that if a petition filed after January 1, 1990, either constitutes a “new claim,” or seeks a modification of a prior district court judgment, the OWC has jurisdiction. See Ross v. Highlands Insurance Company, 590 So.2d at 1181, 1183; CNA Insurance Company v. Tibbitts, 647 So.2d at 635-36. However, if a petition seeks enforcement of a judgment, it should be heard in the district court. See Ross v. Highlands Insurance Company, 590 So.2d at 1181-82; CNA Insurance Company v. Tibbitts, 647 So.2d at 636.
Bolden asserts on appeal that Subsection 4(C) of Act No. 260 of 1989 is applicable herein, because the claim at issue is one that was not “resolved”, and that jurisdiction of the present claim lies in the 32nd Judicial District Court. We disagree.
We find the disputed claim for compensation at issue in this appeal was a “new claim” within the context of Act No. 269 of 1989; therefore, jurisdiction lies with the OWC. Although there was a settlement of Bolden’s | ^claims at the district court level, and an order in conjunction therewith was rendered, partially dismissing Bolden’s claims, by the terms of that order, it resolved only those claims for benefits from the date of the accident until January 19, 1990. The order expressly and specifically excepted from its effect any benefits that may be owed for any disability which may exist after January 19, 1990: “[A]nd no judicial determination is made herein, re *364 garding any workers [sic] compensation weekly benefits to which [Bolden] may be entitled after January 19, 1990....” (Emphasis ours.) Thus, very clearly, the disputed claim filed in September, 1997 with the OWC is a “new claim” for benefits and expenses from October 22, 1990 through the present, and jurisdiction is proper with the OWC. Accordingly, the judgment denying the exception of lack of subject matter jurisdiction is hereby affirmed.
Prescription
The OWC also found that Bolden’s claim had prescribed and dismissed it with prejudice. Bolden asserts the OWC erred in not finding that prescription had been interrupted by his earlier filing of a petition for benefits with the district court. Again, we disagree.
Pursuant to La. R.S. 23:1209 A, claims for workers’ compensation benefits are barred unless filed within one year from the date of the accident or, if payment has been made, three years from the date of the last payment for the type of benefits paid in this case. With regard to medical expenses, La. R.S. 23:1209 C provides that the prescriptive period is one year from the date of the accident or three years from the date of the last payment.
Bolden’s claim, filed more than three years following the last payment, is prescribed on its face, and he bears the burden of proving that prescription was interrupted in some manner. Bolden claims that the filing of his petition in the district court, within one year from the date of the accident, interrupted prescription. He further asserts that since that suit remains pending, with the exception of the partially dismissed claims for benefits |7from April 15, 1988 through January 19, 1990, prescription remains interrupted and the claim filed with the OWC in September, 1997, has not prescribed.
In Howard v. Trelles, 95-0227 (La.App. 1 Cir. 2/23/96); 669 So.2d 605, writ denied, 96-0712 (La.5/3/96); 672 So.2d 690, we addressed this issue and determined that when a claim for compensation is filed and later settled, with a reservation of rights for future benefits, prescription is interrupted during the pendency of the matter. However, once the matter is settled, even with a reservation of rights for future benefits, prescription begins to run anew from the date of dismissal. Therefore, although Bolden is correct that the filing of his petition in district court interrupted prescription, this interruption was not indefinite; rather, it began to toll anew on the date of dismissal, February 5, 1990. Accordingly, the claim filed in September, 1997, more than three years from the date of dismissal of his earlier claims, has prescribed.
Accordingly, although based on different reasoning, the OWC’s decision sustaining the exception of prescription and dismissing Bolden’s claim is hereby affirmed. Costs of this appeal are assessed to Bol-den.
AFFIRMED.

. Bolden was employed by the defendant, Terrebonne Parish School Board, as a school bus driver. On April 15, 1988, the rear axle of the bus broke while he was driving at approximately 50 mph, causing the bus to skid several hundred feet. As a result, Bolden sustained injuries which required a cervical laminectomy and fusion at C5-6, a right knee arthroscopy and a revision decompression and fusion of L5-S1.

. Although the disputed claim form was signed by Bolden on September 20, 1993, it was not filed until September 10, 1997.