813 So.2d 635 (2002)
Earl Mae WELLER
v.
Margie BROWN, D/B/A Cattleman's Restaurant and Rockwood Insurance Company.
No. 2001 CA 0314.
Court of Appeal of Louisiana, First Circuit.
March 28, 2002.
*636 James L. Maughan, Baton Rouge, Counsel for Plaintiff/Appellee Earl Mae Weller.
David T. Butler, Jr., Baton Rouge, Counsel for Defendants/Appellants Louisiana Insurance Guaranty Association & Margie Brown d/b/a Cattleman's Restaurant.
Before: WHIPPLE, FOGG, and GUIDRY, JJ.
GUIDRY, J.
In this workers' compensation case, appellants, Louisiana Insurance Guaranty Association (hereafter referred to as "LIGA") and Margie Brown d/b/a Cattleman's Restaurant, appeal the trial court's judgment nullifying and vacating its previous judgment for lack of subject matter jurisdiction. For the reasons that follow, we affirm the judgment of the trial court.

FACTS AND PROCEDURAL HISTORY
On April 1, 1976, appellee, Earl Mae Weller, was injured in the course and scope of her employment as a waitress at Cattleman's Restaurant. Ms. Weller thereafter filed suit against her employer, Margie Brown d/b/a Cattleman's Restaurant, and her employer's workers' compensation insurer, Rockwood Insurance Company, seeking workers' compensation benefits. The matter was tried on January 22, 1979, and in a judgment signed on February 13, 1979, the trial court awarded Ms. Weller weekly compensation benefits *637 in the amount of $80.78 for total and permanent disability, commencing March 22, 1977, and continuing for as long as her disability remained, subject to statutory limitations. Additionally, Ms. Weller was awarded medical and/or drug expenses which were reasonable and necessary and which were incurred from date of trial for as long her disability continued, subject to statutory limitations. After Rockwood Insurance Company and Margie Brown d/b/a Cattleman's Restaurant were denied their request for a new trial, they unsuccessfully appealed the February 13, 1979 judgment.[1]
Thereafter, LIGA, as statutory successor to the insolvent Rockwood Insurance Company, filed a petition in the Nineteenth Judicial District Court seeking termination and/or modification of the workers' compensation benefits awarded to Ms. Weller pursuant to the February 13, 1979 judgment. The matter was tried on May 5, 1997, and judgment was signed on June 25, 1997, whereby the trial court concluded that Ms. Weller remained totally and permanently disabled and ordered LIGA to continue to pay her $80.78 per week in disability benefits. The trial court further ordered LIGA to pay all travel expenses for treatment of Ms. Weller's work-related injury, including past and future travel expenses. Additionally, the trial court ordered LIGA to pay for all unpaid chiropractic treatment rendered by Dr. Stanley Mouk.
Subsequently, LIGA successfully appealed the June 25, 1997 judgment whereupon this court reversed the trial court's finding that Ms. Weller was totally and permanently disabled and entitled to continued benefits.[2] After Ms. Weller's request for rehearing was denied,[3] she unsuccessfully petitioned the Louisiana Supreme Court for a writ of certiorari.[4]
On May 23, 2000, Ms. Weller filed a petition in the Nineteenth Judicial District Court seeking to nullify the June 25, 1997 judgment, alleging that the district court lacked subject matter jurisdiction to adjudicate the matter. Thereafter, on August 16, 2000, Ms. Weller filed a motion for summary judgment. Following a hearing on the motion, judgment was rendered vacating the June 25, 1997 judgment and dismissing LIGA's petition, originally filed on February 1, 1993, seeking termination of Ms. Weller's benefits with prejudice for lack of subject matter jurisdiction. From this judgment signed on October 27, 2000, LIGA and Margie Brown d/b/a Cattleman's Restaurant now appeal.[5]

ASSIGNMENT OF ERROR
In their sole assignment of error, the appellants contend that the trial court erred in holding that the Nineteenth Judicial District Court did not have subject matter jurisdiction to hear LIGA's petition *638 to terminate and/or modify workers' compensation benefits.

DISCUSSION

Standard of Review
Appellate courts review summary judgments de novo under the same criteria governing the district court's consideration of whether summary judgment is appropriate. Industrial Indemnity Company of the Northwest v. Central National Insurance Company of Omaha, 99-2535, p. 8 (La.App. 1st Cir.12/22/00), 775 So.2d 1246, 1250-1251, writ denied, 01-0225 (La.4/12/01), 790 So.2d 1. A motion for summary judgment shall be granted only if there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
In the present case, there are no factual disputes. In reviewing legal issues, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the record. State, Louisiana Riverboat Gaming Commission v. Louisiana State Police Riverboat Gaming Enforcement Division, 95-2355, p. 5 (La.App. 1st Cir.8/21/96), 694 So.2d 316, 319.

Action for Nullity
A final judgment is void and shall be annulled if it is rendered by a court which does not have jurisdiction over the subject matter of the suit and an action to annul on these grounds may be brought at any time. La. C.C.P. arts. 3 and 2002. However, when an action has been previously disposed of on appeal, as in this matter, La. C.C.P. art. 2005 establishes restrictions upon a litigant's ability to bring a subsequent suit for nullity. Article 2005 provides, in part, that "[a] judgment affirmed, reversed, amended, or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court." (Emphasis added.)
Appellants assert that the ground for nullity appeared in the record, as it was clear that the date of injury was April 1, 1976, and therefore Article 2005 applies and precluded Ms. Weller from seeking annulment of the June 25, 1997, judgment. However, appellants fail to recognize that the plain language of the codal provision suggests that the restrictions listed are disjunctive. See La. C.C.P. art. 5056. Therefore, even though the ground for nullity appeared in the record of appeal, so long as the appellate court did not consider the ground, an action of nullity could be sought. Tracy v. Dufrene, 240 La. 232, 238, 121 So.2d 843, 845 (1960); Zale Indemnity Company v. Smith, 520 So.2d 1273, 1276 (La.App. 5th Cir.), writ denied, 521 So.2d 1187 (La.1988) and writ denied sub nom, Smith v. Zale Indemnity Company, 541 So.2d 876 (La.1989); Meldean's Inc. v. Rivers, 410 So.2d 837, 840 (La.App. 3rd Cir.), writ denied, 414 So.2d 376 (La. 1982). As appellants acknowledge in their brief, the ground for nullity was not considered by this court in the previous appeal. Therefore, we find that Article 2005 did not preclude Ms. Weller from seeking to annul the June 25, 1997, judgment.

Subject Matter Jurisdiction of Workers' Compensation Actions
Historically, an employee with a disputed workers' compensation claim filed a civil suit in state district court. La. R.S. 23:1331 (Supp.1982). However, legislation enacted in 1983 created the Office of Workers' Compensation Administration (OWC) to administer workers' compensation claims by evaluating claims and issuing advisory recommendations. Long v. *639 Insurance Company of North America, 595 So.2d 636, 636-637 (La.1992). If either or both of the parties disputed the findings of the OWC, either party could seek a de novo review of the OWC's decision in district court. Insurance Company of North America v. Shell, 96-2753, p. 3 (La.App. 1st Cir.11/7/97), 704 So.2d 289, 291.
This process of dispute resolution was changed again by Act 938 of the 1988 legislative session. The act was to become effective January 1, 1990, and established a system whereby nine administrative hearing officers were "vested with original, exclusive jurisdiction over all claims filed pursuant to the Workers' Compensation Act."[6]Long v. Insurance Company of North America, 595 So.2d at 637. More importantly, the Act relegated district courts to the sole role of enforcing orders of the OWC hearing officers by divesting the district courts of de novo review and providing for direct appeal of the hearing officers' decisions to the circuit courts of appeal. Ross v. Highlands Insurance Company, 590 So.2d 1177, 1180 (La.1991). Although initially Act 938 was declared unconstitutional by the Louisiana Supreme Court in Moore v. Roemer, 567 So.2d 75, 77 (La.1990), for violating La. Const. Art. V, § 16(A), by a subsequent constitutional amendment, the Act was rendered constitutionally effective retroactive to January 1, 1990. Long v. Insurance Company of North America, 595 So.2d at 639-640.
Through Acts 1989 No. 260, the legislature amended Acts 1988 No. 938 to facilitate the transition of jurisdiction from the district courts to the new OWC hearing officer system. Act 260 states in pertinent part:
Section 4. (A) A claim arising from an injury which occurred prior to July 1, 1983, shall be resolved in the same manner as other civil matters.
(B) A claim arising from an injury which occurred on or after July 1, 1983, shall be heard and resolved according to the procedures provided for in this Act.
(C) However, claims filed with the director prior to January 1, 1990, but which are not resolved, whether by the parties' acceptance of the director's recommendations, compromise settlement, or judgment of a court, shall be resolved by the procedures in effect prior to January 1, 1990.
In Ross, the supreme court had occasion to interpret the language and application of Act 938, as amended by Act 260, to determine when jurisdiction rested with the district court and when it rested with the OWC. The supreme court set forth the following considerations as pertinent to the resolution of the jurisdiction issue: (1) the proper characterization of the petition is at the heart of the jurisdiction issue; (2) a new claim is clearly covered by the post-amendment procedure requiring OWC to hear claims in the first instance; (3) the term "resolved" as used in the Act refers to matters in need of no further handling, under the old system or the new; (4) though not defined in the Act, the context of the provisions makes it clear that "claim" refers to the underlying claim for relief, not enforcement of a judgment; and (5) the OWC clearly has to hear cases seeking modification in the first instance. See Ross v. Highlands Insurance Company, 590 So.2d at 1181-1183; CNA Insurance Company v. Tibbitts, 94-684, p. 3-4 (La.App. 3rd Cir.1994), 647 So.2d 633, 635.
As Ross makes clear, if a petition seeks modification of a prior judgment, the *640 OWC clearly has jurisdiction. In Insurance Company of North America v. Shell, 96-2753 at 5, 704 So.2d at 291, this court adopted the analysis outlined by the supreme court in Ross to find that a petition filed after January 1, 1990, seeking modification of a prior district court judgment must be heard by the OWC pursuant to Ross. In the present case, LIGA filed a petition on February 1, 1993, in district court seeking termination, or alternatively, modification of the judgment awarding Ms. Weller workers' compensation benefits. Therefore, pursuant to Ross and Shell, the OWC had exclusive jurisdiction to hear the petition for modification.
Appellants nevertheless contend that the supreme court decision in Fauchaux v. City of New Orleans, 95-2500 (La.1/12/96), 666 So.2d 285, supports their position that jurisdiction was proper in the district court because the petition was a claim arising from an injury which occurred prior to July 1, 1983. However, in Fauchaux, the claim involved was an initial claim for benefits, not a modification of an existing judgment. As Ross and Shell clearly state, a petition for modification filed after January 1, 1990, must be heard in the OWC.
For the foregoing reasons, we affirm the judgment of the district court finding the June 25, 1997 judgment to be an absolute nullity and vacating the same for lack of subject matter jurisdiction. All costs of this appeal in the amount of $3,865.51 are to be borne equally by the appellants, Louisiana Insurance Guaranty Association and Margie Brown d/b/a Cattleman's Restaurant.
AFFIRMED.
NOTES
[1] Weller v. Brown, 398 So.2d 551 (La.App. 1st Cir.1979).
[2] Weller v. Brown, 97-2155 (La.App. 1st Cir.11/6/98), 724 So.2d 230.
[3] Ms. Weller timely filed a motion for rehearing which was originally granted on December 28, 1998, but was later denied without reasons on September 2, 1999.
[4] Weller v. Brown, 99-2872 (La.12/10/99), 751 So.2d 856.
[5] LIGA and Margie Brown d/b/a Cattleman's Restaurant filed their Petition for Appeal on December 7, 2000, seeking to appeal "suspensively and devolutively" to this Court. While a suspensive appeal was granted by the district court, it is apparent from the record that the time delays for taking a suspensive appeal were not met. However, because a devolutive appeal was initially sought in the alternative, this Court will treat the appeal to as a devolutive appeal. See La. C.C.P. art. 2123.
[6] Act 260 of the 1989 legislative session delayed the implementation date for administrative hearing officer provisions until January 1, 1990.