693 So.2d 1245 (1997)
Justina LOVE
v.
EAST JEFFERSON GENERAL HOSPITAL.
No. 96 CA 1558.
Court of Appeal of Louisiana, First Circuit.
May 9, 1997.
*1246 Lawrence B. Frieman, Metairie, for Defendant/Appellant, East Jefferson General Hospital.
Avinell J.M. Faucheux, Destrehan, for Plaintiff/Appellee, Justina Love.
Before GONZALES and KUHN, JJ., and CHIASSON,[1] J. Pro Tem.
GONZALES, Judge.
In this appeal, an employer challenges a judgment of the Office of Workers' Compensation, awarding total temporary disability benefits to a former employee.

FACTS AND PROCEDURAL HISTORY
On May 14, 1993, Justina Love, the claimant, injured her right knee during the course and scope of her employment as a nursing assistant at East Jefferson General Hospital (East Jefferson). Although East Jefferson paid medical expenses related to Love's knee injury, she was not paid disability benefits because she continued to work after the accident. Love alleges that she reinjured her knee on March 8, 1995, when it gave out on her and caused her to fall as she was walking down a hall in the hospital. Love did not report the accident to her supervisor, fearing that she would lose her job because of her chronic knee problems. Love continued to work until April 14, 1995.
On July 6, 1995, Love filed a disputed claim for compensation seeking workers' compensation benefits for injuries sustained as a result of the alleged March 8, 1995 accident. On August 9, 1995, East Jefferson filed an exception of prescription, challenging the timeliness of Love's claim for disability benefits. On March 15, 1996, a hearing on the exception was held, and by judgment dated March 19, 1996, the hearing officer denied the exception.
On April 1, 1996, a trial on the merits was held. By judgment dated May 9, 1996, the hearing officer (1) denied Love's claim for benefits for injuries sustained in the alleged March 8, 1995 accident because Love did not report the accident within 30 days of its occurrence as is required by La. R.S. 23:1301;[2] (2) found that Love was entitled to workers' compensation benefits for the May 14, 1993 accident based on the hearing officer's conclusion that the payment of medical benefits for the May 14, 1993 accident interrupted prescription on Love's claim for disability benefits from this same accident; and (3) ordered East Jefferson to pay Love total temporary disability benefits for the period from March 8, 1995 through August 14, 1995, and to pay her supplemental earnings benefits for the period from July 18, 1995, until such time as East Jefferson provided her with vocational rehabilitation.
From this adverse judgment, East Jefferson appeals, claiming, in a single assignment of error, that the hearing officer erred in finding that its payment of Love's medical expenses for the May 14, 1993 accident interrupted prescription for Love's claim for disability benefits for this same accident.
In response, Love argues that the hearing officer properly found that her claim for benefits was not prescribed. Love's brief contains no argument regarding the hearing officer's finding that East Jefferson's payment of Love's medical expenses for the May 14, 1993 accident interrupted prescription regarding her claim for disability benefits. Rather, according to Love, her claim was not prescribed for several other reasons: (1) the claim was filed within one year of April 14, 1995, the date upon which her "developmental injury" manifested itself; (2) East Jefferson had knowledge of Love's developing injury, and (3) prescription was interrupted under the doctrine of contra non valentum because East Jefferson paid Love wages in lieu of compensation and lulled Love into a false sense of security, thereby discouraging a lawsuit. Although not directly *1247 stated in her brief, Love is apparently suggesting that there are other legal principles, supported by facts in the record, on which the hearing officer could have correctly concluded that prescription was interrupted in this case. Because appellate review lies only from the Office of Workers' Compensation judgment, and not the reasons therefor, see Andre v. Construction Material Shop, 93-1212 (La.App. 1st Cir. 3/11/94), 633 So.2d 1313, 1318, we are allowed to affirm or reverse the judgment, regardless of the reasons relied upon by the hearing officer.

PAYMENT OF MEDICAL EXPENSES AS INTERRUPTION OF PRESCRIPTION ON CLAIM FOR DISABILITY BENEFITS
We first address the correctness of the hearing officer's legal conclusion that East Jefferson's payment of Love's medical expenses for the May 14, 1993 accident interrupted prescription regarding her claim for disability benefits for this same accident.
Regarding the prescriptive period for disability benefits, La. R.S. 23:1209(A), provides, in pertinent part, as follows:
A. In case of personal injury, ... all claims for payments shall be forever barred unless within one year after the accident ... the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and [footnote omitted] in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
Thus, under La. R.S. 23:1209(A), claims are barred unless filed (1) within one year from the date of the accident; (2) one year from the last compensation payment for total disability or three years from the last payment for partial disability; or (3) one year from the time the injury develops if not immediately manifested, but, in any event, no more than two years after the accident. Howard v. Trelles, 95-0227 (La.App. 1st Cir. 2/23/96), 669 So.2d 605, 607, writ denied, 96-0712 (La.5/3/96), 672 So.2d 690.
Several cases have held that the prescriptive periods for medical expenses and disability benefits are separate, and that payment of a medical expense does not interrupt prescription as to a claim for disability benefits. Malone & Johnson, Workers' Compensation Law and Practice § 384, pp. 366-367, in 14 Louisiana Civil Law Treatise (3d ed.1994), and cases cited therein, including, Devillier v. Hartford Accident & Indemnity Company, 219 So.2d 338 (La.App. 1st Cir.1969), writ not considered, 253 La. 1087, 221 So.2d 519 (1969). As stated by Malone & Johnson, "[T]he reason for this holding is to encourage the employer to furnish medical assistance in all cases without fear that by doing so he may prejudice his position with respect to a possible claim for weekly benefits." Malone & Johnson, Workers' Compensation Law and Practice § 384 at p. 367. This position is further supported by La. R.S. 23:1204 which provides that neither the furnishing of medical services nor the employer's payment shall constitute an admission of liability for compensation benefits.
On appellate review, deference is given to a hearing officer's reasonable decision on a question or matter properly within his discretion; however, if the hearing officer's conclusion is based on its erroneous interpretation or application of law rather than a valid exercise of discretion, such an incorrect decision is not entitled to deference. Kem Search, Inc. v. Sheffield, 434 So.2d 1067, 1071-1072 (La.1983); Cangelosi v. Allstate Insurance Company, 96-0159 (La.App. 1st Cir. 9/27/96), 680 So.2d 1358, 1360, writ denied, 96-2586 (La.12/13/96), 692 So.2d 375.
*1248 In light of the foregoing discussion, we find that the hearing officer committed legal error in determining that East Jefferson's payment of Love's medical expenses interrupted prescription regarding Love's claim for disability benefits. In this case, Love injured her knee on May 14, 1993, and filed her claim for disability benefits on July 6, 1995, more than two years after the occurrence of the accident. Therefore, notwithstanding East Jefferson's payment of Love's medical expenses, her claim for disability benefits is clearly prescribed on its face.
When a workers' compensation claim to recover benefits has prescribed on its face, the claimant has the burden of showing that prescription has been interrupted in some manner. Brown v. Caddo Career Center, 28,111 (La.App.2d Cir. 2/8/96), 669 So.2d 712, 714, writ denied, 96-1042 (La.5/31/96), 674 So.2d 262. Love claims that East Jefferson lulled her into a false sense of security, and essentially eliminated the necessity of her filing suit for benefits, by paying her normal wages while she reported to a clinic for treatment while on "company time."
The jurisprudence clearly indicates that the payment of wages in lieu of compensation will interrupt prescription. The test for determining if the wages paid were in lieu of compensation is whether or not the wages were actually earned. Warren v. H & W Steel Erectors, Inc., 569 So.2d 178, 182 (La. App. 1st Cir.1990). Following her May 14, 1993 accident, Love continued to work on a full-time basis at East Jefferson. Although she received medical treatment for her knee, she was discharged from medical care and returned to work as of May 20, 1993. Love points to no evidence in the record, nor were we able to find any, which would support a finding that she was receiving wages after the accident without having actually earned them. Love does not claim that she was paid wages for work she could not or did not perform because of her injuries. Additionally, the mere fact that her employer allowed her to receive treatment for her injury while she was "on company time" is insufficient evidence to support a finding that the wages paid to Love following the May 14, 1993 accident were in lieu of compensation benefits.[3]

"DEVELOPING DISABILITY" ARGUMENT
Love alternatively argues that her claim was timely because it was filed within one year of April 14, 1995, her last day of work at East Jefferson; according to Love, this is the date upon which her injury manifested itself as a "developing disability." We need not discuss the issues of whether or not Love's injury constitutes a "developing disability" or when such a "developing disability" may have manifested itselfeven if Love filed her claim within one year from the date the disability manifested itself, she did not file her claim within two years from the date of the accident, which is the outside prescriptive limit for filing compensation claims under La. R.S. 23:1209(A). See Lynn v. Berg Mechanical, Inc., 582 So.2d 902, 910-911 (La. App. 2d Cir.1991). Therefore, Love's argument to the contrary is without merit.
Love also argues that prescription regarding her claim for disability benefits was somehow interrupted because East Jefferson was put on notice that Love's injury was developing by its payment of related medical bills and by its documented knowledge that Love reinjured her knee on October 9, 1993, well within the two-year prescriptive period for Love to file suit for benefits.
*1249 We fail to see how knowledge of an employee's developing injury by an employer serves to interrupt prescription on the employee's claim for disability benefits. The provisions of La. R.S. 23:1209(A) make no reference to the employer's knowledge of the injury as having an effect on the time limits within which a claim for benefits must be made. Notwithstanding East Jefferson's alleged knowledge of Love's chronic knee problems, the fact remains that Love failed to file a claim for benefits within two years from the occurrence of the May 14, 1993 accident.

DECREE
For the foregoing reasons, the judgment of the Office of Workers' Compensation is REVERSED insofar as it awards workers' compensation benefits to Justina Love pursuant to a May 14, 1993 work-related accident. Costs of this appeal are assessed to Justina Love.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The hearing officer's conclusion that Love was not entitled to disability benefits for the alleged March 8, 1995 accident because of her failure to report the accident is not challenged on appeal.
[3] Love also argues that she was misled into believing that she was going to receive compensation benefits by East Jefferson personnel. Following Love's alleged accident of March 8, 1995, Camille Laderer, East Jefferson's supervisor of medical health, informed Love that she would not be entitled to take extended sick leave because this form of leave was reserved for non-work-related injuries. According to Laderer, when a workers' compensation claim is involved, and an employee is going to miss work, the employee is instead allowed to take seven paid days off until the workers' compensation coverage begins on the eighth day. Although Love somehow claims that this information "lulled" her into believing she was going to receive compensation benefits, we need not address this argument because it relates to the alleged March 8, 1995 accident, which is not at issue on appeal, rather than to the May 14, 1993 accident, which is at issue on appeal.