I,KLINE, J.
This is an appeal by claimant, Emerson J. Jackson, Sr., challenging a ruling of the Office of Workers’ Compensation (“OWC”) sustaining the peremptory exception raising the objection of prescription filed by his employer, Southern Livestock Supply (“Southern”), and its insurer, State Farm Fire and Casualty Company (“State Farm”). For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On June 14, 1993, Mr. Jackson, while acting within the course and scope of his employment with Southern, injured his left knee when he jumped down from a boat to answer a phone call and landed on the concrete. As a result of the injury, Mr. Jackson underwent medical treatment to his left knee, with medical expenses being paid by State Farm. According to Sandy McKissick, a claims representative with State Farm, Mr. Jackson received temporary total disability (“TTD”) payments until June 1, 1994. Mr. Jackson returned to work at Southern full time in his previous capacity while undergoing treatment. He continued to work until February 28, 1997, when he was terminated for reasons unrelated to this claim.
On August 11, 1997, Mr. Jackson filed a disputed claim for benefits based upon the injury sustained in the June 14, 1993 accident. Mr. Jackson also included in his claim medical expenses sought as a result of treatment to his right knee. An exception of prescription was filed on February 21, 2001 by defendants Southern and State Farm. A hearing was held on the exception of prescription on March 9, 2001 and the OWC judge issued the following oral reasons for judgment:
This matter came for an exception of prescription today. This matter was originally heard on an exception of prescription on the 17th day of April 1998. At that time Judge Grout granted an exception of ... prescription finding that all the claims in Mr. Jackson’s petition, except those claims for continuing medical expenses for the treatment of [his] left knee, were prescribed and were, therefore, dismissed.
The matter was appealed to the 1st Circuit. The Court of Appeal found that because the matter was not prescribed on the face of the petition and there was no [sic]' — [e]xhibits were not admitted into evidence that the case should be remanded because |sthey could not find that the case had prescribed on the evidence before them.
Southern Livestock has re-urged [its] exception of prescription and [has] asked me to examine the petition and the accompanying attachments.
I’ve examined the deposition of Emerson Jackson and the deposition of Dr. Gerard Murtagh, the affidavit of Sandy McKissick (spelled phonetically) and the affidavit of Kathy Nicholas, all of which have been admitted into evidence by this court.
It’s fairly obvious from a perusal of the exhibits and the petition that was filed by Mr. Jackson that the last time he was paid temporary total disability *463 benefits was on June 1st, 1994. He filed his claim on August 11th, 1997.
He has raised no issues that speak to this. The medical evidence is fairly straightforward, and I think that based on what has been admitted into evidence and the allegations that have been made that the exception of prescription should be granted; and, therefore, I find that all claims, except those relating to medical treatment for the left knee, are prescribed and are dismissed.
Judgment granting the defendants’ exception of prescription was rendered by the OWC and signed on March 9, 2001. It is from this ruling that Mr. Jackson appeals. He asserts the following assignments of error, in his appellate brief to this court, quoted herein verbatim:
1. The Workers’ Compensation Judge committed clearly wrong error in not distinguishing from which injury to left knee did time began to toll for causes of prescription.
2. The Workers’ Compensation Judge committed reversible error in not resolving the ultimate issue as stated by the Majority of First Circuit Court of Appeals, whether the injury to the left knee was causally connected to the right knee, which leaves an issue of law unaddressed.
3. The Workers’ Compensation Judge committed reversible error in denial of future medical benefits to injured claimant, in judgment of prescription.
4. The Workers’ Compensation Judge was in clearly wrong by the preponderance of evidence.
5. The Workers’ Compensation Judge was clearly wrong for not using a natural inference through human reasoning given by God.
LAW AND DISCUSSION
Regarding the prescriptive period for workers’ compensation benefits, La. R.S. 23:1209(A), provides, in pertinent part, as follows:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year Rafter the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident. [Footnote omitted.]
Thus, under La. R.S. 23:1209(A), claims are barred unless filed within: (1) one year from the date of the accident; (2) one year from the last compensation payment for total disability or three years from the last payment for partial disability; or (3) one year from the time the injury develops if not immediately manifested, but, in any event, no more than two years after the accident. Howard v. Trelles, 95-0227, p. 4 (La.App. 1st *464 Cir.2/23/96), 669 So.2d 605, 607, writ denied, 96-0712 (La.5/3/96), 672 So.2d 690. Additionally, section 1209(C) provides that a claim for medical benefits prescribes one year from the date of the accident unless payments have been agreed upon, or unless a claim is filed within one year of the accident. Where payments have been made, the claim prescribes three years from the date of the last payment of medical benefits.
On appellate review, deference is given to a workers’ compensation judge’s reasonable decision on a question or matter properly within his discretion; however, if the workers’ compensation judge’s conclusion is based on its erroneous interpretation or application of law rather than a valid exercise of discretion, such an incorrect decision is not entitled to deference. Love v. East Jefferson General Hospital, 96-1558, p. 5 (La.App. 1st Cir.5/9/97), 693 So.2d 1245, 1247.
A party pleading prescription generally has the burden of proving it. However, when a workers’ compensation claim to recover benefits has prescribed on its face, the claimant has the burden of showing that prescription has been interrupted in some manner. Love v. East Jefferson General Hospital, 693 So.2d at 1248; Brown v. Caddo Career Center, 28,111, p. 2 (La.App. 2nd Cir.2/28/96), 669 So.2d 712, 714, writ denied, 96-1042 (La.5/31/96), 674 So.2d 262. At the trial of a peremptory exception, “evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.” La. C.C.P. art. 931. Generally, in the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true. Our Lady of the Lake Hospital v. Vanner, 95-0754, p. 3 (La.App. 1st Cir.12/15/95), 669 So.2d 463, 464, cert. denied, 525 U.S. 818, 119 S.Ct. 57, 142 L.Ed.2d 45 (1998).
In the instant case, the issue presented by this appeal is whether OWC erred in sustaining the peremptory objection raising the exception of prescription. A hearing was held on March 9, 2001 on the exception at which Southern offered exhibits, including claimant’s deposition and a treating physician’s deposition. The record reflects that Mr. Jackson suffered a work-related injury on June 14, 1993, in which he injured his left knee. He received medical treatment for his left knee and received temporary total disability benefits and medical benefits as a result. The last payment of temporary total disability benefits was on June 1, 1994. For most of the time that Mr. Jackson was treated for his left knee, he worked full time in his pre-injury capacity. Mr. Jackson was terminated in 1997. He then filed a disputed claim for benefits in August of 1997. More than three years passed between the date of the accident and the date the disputed claim was filed. Also, the date of Mr. Jackson’s last TTD benefit payment was June 1,1994. More than one year passed before Mr. Jackson filed his claim. Mr. Jackson’s claim has clearly prescribed on its face. As a result, Mr. Jackson has the burden of proving that prescription was in some way interrupted.
Mr. Jackson argues that the injury has now manifested itself in the right knee, and as a result should be treated as a developing disability. We do not discuss the issues of whether or not Mr. Jackson’s injury constitutes a “developing disability” or when such a “developing disability” may have manifested itself. Even if Mr. Jackson filed his claim within one year from the date the disability manifested itself, he did not file his claim within two years from |fithe date of the accident, which is the *465 outside prescriptive limit for filing compensation claims under La. R.S. 23:1209(A). Love v. East Jefferson General Hospital, 693 So.2d at 1248. See Lynn v. Berg Mechanical, Inc., 582 So.2d 902, 910-911 (La.App. 2nd Cir.1991).
Mr. Jackson also contends that the prescriptive period should start at the time of his termination, when his injury became fully manifest into disability. He also argues that, although he continued to work, he could not perform his duties of labor, and as such, prescription was interrupted. Our jurisprudence is well settled, providing that payment of wages in lieu of compensation will interrupt prescription as will compensation payments. Love v. East Jefferson General Hospital, 693 So.2d at 1248; Warren v. H & W Steel Erectors Inc., 569 So.2d 178, 182 (La.App. 1st Cir. 1990). The test for determining if the wages paid were in lieu of compensation is whether or not the wages were actually earned. Id. Mr. Jackson returned to work not long after he incurred his work-related injury. According to his own deposition testimony, he performed the same kinds of duties he performed prior to the accident. His only restriction, as related by him, was that he could not stand for long periods of times. He was paid the same amount in wages after his injury as he was paid prior to the accident. Mr. Jackson was terminated in February of 1997. The only reason given by Mr. Jackson was that he was told by his employer that they “don’t agree.” Never did he indicate that his termination had any relation to his claim or injury. As a result, we find that this assignment of error lacks merit.
Mr. Jackson failed to file his claim within the time frame allowed under the law. Each prescriptive period as set out under La. R.S. 23:1209(A) has passed. As a result, we find that the OWC did not err in finding that Mr. Jackson’s claim had prescribed.
| CONCLUSION
For the foregoing reason, we find that the OWC correctly sustained the peremptory exception raising the objection of prescription filed by defendants, Southern Livestock and State Farm Fire and Casualty Company, and the OWC judgment is affirmed. Costs of this appeal are assessed to Emerson J. Jackson, Sr.
AFFIRMED.