LKLINE, J.
This is an appeal by an employer from an adverse decision by the district court in a workers’ compensation case in favor of the plaintiff employee. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Steven Godeaux, was injured on July 24, 1989 in the course and scope of his employment as an iron worker with Lewis Chapman Construction Company (“LCCC”), a sub-contractor of Guy' Hopkins Construction Company, Inc. (“GHCC”). GHCC was insured by AET-NA Casualty & Surety Company (“AET-NA”). Plaintiff sought and received medical treatment at the Veterans Administration Hospital in New Orleans, Louisiana, without the employer’s aid. Shortly thereafter, Mr. Godeaux filed a form with the Office of Workers’ Compensation (“OWC”) reporting the injury by letter dated November 10, 1989, and subsequent thereto, the OWC made a recommendation that temporary total benefits be paid to plaintiff in the amount of $226.67 per week based on an average weekly wage of $340.00.
A petition was filed by Mr. Godeaux on January 3, 1990 with the Nineteenth Judicial District Court against Lewis Chapman d/b/a LCCC, GHCC, and AETNA, requesting that appellants pay total and permanent disability benefits from the date of *673 injury, together with penalties, interest and attorney fees. Thereafter, temporary total payments in the amount of $226.68 per week were paid by appellants to Mr. Godeaux until April 6, 1992, at which time the weekly benefits were reduced to $158.76, based upon an alleged wage earning capacity of $100.00 as recommended by a vocational rehabilitation counselor. The $158.76 was paid until March 31, 1997, when all benefits were terminated, based upon an allegation that Mr. Godeaux had denied any earnings after his accident.
On November 5, 1999, GHCC and Travelers Casualty and Surety Company (“Travelers”)[2] filed a motion to join Stephanie Strickler, the ex-wife of Mr. Go-deaux, as a necessary party, because movers were served with a petition |3for garnishment for “past due alimony for child support.” On December 6, 1999, a petition of intervention was filed by Stephanie Strickler, who had filed the garnishment proceeding. She sought to have any proceeds seized to be paid to her in preference, as a judgment creditor of Mr. Godeaux.
A trial was held on the merits on October 16, 2000 and was assigned for argument on September 17, 2001. Judgment was signed on October 16, 2001, in which the district court made the following findings of fact: that Mr. Godeaux was injured on July 24, 1989 in the course and scope of his employment as an iron worker with LCCC, a subcontractor of GHCC, an insured of defendant, AETNA; that weekly compensation benefits were paid based on plaintiffs average weekly wage of $340.00; that the weekly compensation of $226.68 was unilaterally reduced to $158.76 effective April 6, 1992, and paid weekly through March 31, 1997, when all compensation benefits were terminated; and, that the defendants acted arbitrarily and capriciously in reducing and terminating compensation payments and benefits. The district court then rendered judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Steven Go-deaux, and against defendants, individually, jointly and in solido, as follows:
(a) Judgment is rendered in favor of plaintiff and against the defendants decreeing that defendants pay unto plaintiff compensation payments in the sum of $226.68 per week commencing April 6, 1992, subject to a credit of $158.76 weekly through March 31, 1997, totaling $16,029.12, said payments to continue thereafter until further orders of this Court, the total amount being due as of September 17, 2001 totaling $68,786.91.
(b) The defendants are adjudged to be in bad faith and plaintiff is entitled to penalties in the amount of $8,254.43 and attorney fees in the amount of $10,112.50, together with interest at the legal rate from the date of judgment on both sums from date of judgment until paid.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Assignment executed by Steven Godeaux in favor of the Office of Family Support in the matter entitled “State of Louisiana. v. Steve Godeaux No. J-83-86, Jefferson Davis Parish, 31st Judicial District Court, State of Louisiana,” be recognized and paid by preference from the proceeds due Steven Godeaux.
*674 IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the petition of Intervention filed herein on behalf of Stephanie |4Strickland seeking payment on a Judgment in her favor and against Steven Godeaux in the amount of $27,000.00 be recognized subject to all monies previously paid thereon either from garnishment proceedings filed against Steven Godeaux or from the sale of property in which Steven Godeaux had an interest and that this claim be subordinated to the Assignment in favor of the Office of Child Support, State of Louisiana.
IT IS FURTHER, ORDERED, ADJUDGED AND DECREED that all weekly benefits, including back payments, awarded herein bear interest at the judicial rate from the due date of each payment until paid and that the defendants pay all costs of court.
GHCC and Travelers appealed the district court’s judgment and assert the following assignment of errors:
1. The Honorable Trial Court erred in awarding temporary total disability benefits retroactive to April 6, 1992 because the plaintiff stipulated to a wage earning capacity of $100.00 per week effective that date at the beginning of trial and because plaintiff reported actual earnings resulting from his own job placement.
2. The Honorable Trial Court erred in refusing to admit into evidence the plaintiffs personnel file from Thomas Brand Siding, a subsequent Florida employer, to show an increase in the plaintiffs wage earning capacity in June of 1994 to $280.00 per week.
3. The Honorable Trial Court erred in awarding benefits for temporary total disability after March 31, 1997 because of its refusal to consider evidence of the plaintiffs increased wage earning capacity effective June of 1994.
4.The Honorable Trial Court erred in refusing to admit evidence of plaintiffs prior inconsistent statements, outright perjury and evidence of criminal convictions involving moral turpitude in an effort to recover workers’ compensation benefits as such misrepresentations constitute an independent basis upon which to terminate benefits.
LAW AND DISCUSSION
It is the duty of the court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants. McGehee v. City/Parish of East Baton Rouge, 2000-1058, p. 3 (La.App. 1 Cir. 9/12/01), 809 So.2d 258, 260. A court’s subject matter jurisdiction is an issue that cannot be waived. See La. C.C.P. art. 925. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties and a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La. C.C.P. art. 3; Atiyani v. Denham Springs Health Care, 610 So.2d 860, 863 (La.App. 1 Cir.1992), writ denied, 614 So.2d 1265 (La.1993). A reviewing court can question subject matter jurisdiction even | ,jf an exception of lack of subject matter jurisdiction has been overruled by the trial court and is not being urged on appeal. Whittenberg v. Whittenberg, 97-1424, p. 2 (La.App. 1 Cir. 4/8/98), 710 So.2d 1157, 1158. Therefore, although neither of the parties has challenged the tidal court’s jurisdiction in the instant case, we must examine the lower court’s subject matter jurisdiction.
Historically, an employee with a disputed workers’ compensation claim filed a civil suit in state district court. La. R.S. 23:1331, prior to its repeal by 1988 La. *675 Acts, No. 938. However, legislation enacted in 1983 created the Office of Workers’ Compensation Administration (OWC) to administer workers’ compensation claims by evaluating claims and issuing advisory recommendations. Long v. Insurance Company of North America, 595 So.2d 636, 636-37 (La.1992). If either or both of the parties disputed the findings of the OWC, either party could seek a de novo review of the OWC’s decision in district court. Insurance Company of North America v. Shell, 96-2753, p. 3 (La.App. 1 Cir. 11/7/97), 704 So.2d 289, 291.
This process of dispute resolution was changed again by Act 938 of the 1988 legislative session. The act was to become effective January 1, 1990, and established a system whereby nine administrative hearing officers were “vested with original, exclusive jurisdiction over all claims filed pursuant to the [Workers’] Compensation Act.” Long v. Insurance Company of North America, 595 So.2d at 637. More importantly, the Act relegated district courts to the sole role of enforcing orders of the OWC hearing officers by divesting the district courts of de novo review and providing for direct appeal of the hearing officers’ decisions to the circuit courts of appeal. Ross v. Highlands Insurance Company, 590 So.2d 1177, 1180 (La.1991). Although initially Act 938 was declared unconstitutional by the Louisiana Supreme Court in Moore v. Roemer, 567 So.2d 75, 77 (La.1990), for violating La. Const. Art. V, § 16(A), by a subsequent constitutional amendment, the Act was rendered constitutionally effective retroactive to January 1, 1990. Long v. Insurance Company of North America, 595 So.2d at 639-40.
1 ¿Through 1989 La. Acts, No. 260, the legislature amended 1988 La. Acts, No. 938 to facilitate the transition of jurisdiction from the district courts to the new OWC hearing officer system. Act 260 states in pertinent part:
Section 4. (A) A claim arising from an injury which occurred prior to July 1, 1983, shall be resolved in the same manner as other civil matters.
(B) A claim arising from an injury which occurred on or after July 1, 1983, shall be heard and resolved according to the procedures provided for in this Act.
(C) However, claims filed with the director prior to January 1, 1990, but which are not resolved, whether by the parties’ acceptance of the director’s recommendations, compromise settlement, or judgment of a court, shall be resolved by the procedures in effect prior to January 1,1990.
In Ross, the supreme court had occasion to interpret the language and application of Act 938, as amended by Act 260, to determine when jurisdiction rested with the district court and when it rested with the OWC. The supreme court set forth the following considerations as pertinent to the resolution of the jurisdiction issue: (1) the proper characterization of the petition is at the heart of the jurisdiction issue; (2) a new claim is clearly covered by the post-amendment procedure requiring OWC to hear claims in the first instance; (3) the term “resolved” as used in the Act refers to matters in need of no further handling, under the old system or the new; (4) though not defined in the Act, the context of the provisions makes it clear that “claim” refers to the underlying claim for relief, not enforcement of a judgment; and (5) the OWC clearly has to hear cases seeking modification in the first instance. See Ross v. Highlands Insurance Company, 590 So.2d at 1181-1183; CNA Insurance Company v. Tibbitts, 94-684, p. 3-4 (La.App. 3 Cir. 12/7/94), 647 So.2d 633, 635.
*676 As Ross makes clear, if a petition seeks modification of a prior judgment, the OWC clearly has jurisdiction. In Insurance Company of North America v. Shell, 96-2753 at 5, 704 So.2d at 291, this court adopted the analysis outlined by the supreme court in Ross to find that a petition “filed with the director” after January 1, 1990, seeking modification of a prior district court judgment must'be heard by the OWC pursuant to Ross.
In the instant case, Mr. Godeaux filed a claim form for compensation with the OWC, postmarked October 12, 1989 and received in the office on October 1713, 1989, stating that a bona fide dispute occurred as a result of an injury sustained by Mr. Godeaux on July 24, 1989 while employed by LCCC via GHCC. The OWC concluded that based upon Mr. Godeaux’s claim, his injury was work related and recommended that temporary total disability payments be paid to Mr. Godeaux from August 23, 1989 at a rate of $226.67 per week based on an average weekly wage of $340.00. Mr. Godeaux then filed a petition on January 3, 1990 with the district court.
Although Mr. Godeaux’s petition in the district court was filed after January 1, 1990, his claim was “filed with the [OWC] director” prior to January 1, 1990. Therefore, Mr. Godeaux’s claim must be governed by “procedures in effect prior to January 1, 1990” in accordance with 1989 La. Acts, No. 260. Applying Ross and the law as set out by the legislature, the district court did have jurisdiction over the subject matter of Mr. Godeaux’s workers’ compensation claim when it rendered judgment in his favor. Having decided that subject matter jurisdiction was proper in the district court, we now address the assignments of error as asserted by both parties.
In . a workers’ compensation case, as in other cases, the appellate court’s review of factual findings is governed by the manifest error standard. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556; Kennedy v. Security Industrial Insurance Company, 623 So.2d 174, 175 (La.App. 1 Cir.), writ denied, 629 So.2d 389 (La.1993). The two-part test for the appellate review of a factual finding is: 1) whether there is a reasonable factual basis in the record for the finding of the trial court, and 2) whether the record further establishes that the finding is not manifestly erroneous. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, if there is no reasonable factual basis in the record for the trial court’s finding, no additional inquiry is necessary for a finding of manifest error. However, if a reasonable factual basis exists, an appellate court may set aside a trial court’s factual finding only if, after reviewing the record in its entirety, it determines the trial court’s finding was clearly wrong. See Stobart v. State, through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). Even |sthough an appellate court may feel its own evaluations and inferences are more reasonable than the fact finder’s, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart, 617 So.2d at 882. Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. See Morris v. Norco Construction Company, 632 So.2d 332, 335 (La.App. 1 Cir.1993), writ denied, 94-0591 (La.4/22/94), 637 So.2d 163. The trial judge’s determinations as to whether the claimant’s testimony is credible and whether the claimant has discharged his burden of proof are factual determinations which will not be disturbed upon review in the absence of *677 manifest error or unless clearly wrong. Parfait v. Gulf Island Fabrication, Inc., 97-2104, pp. 5-6 (La.App. 1 Cir. 1/6/99), 733 So.2d 11, 17, citing Bruno v. Harbert International Inc., 593 So.2d 357, 361 (La.1992).
In its first assignment of error, appellants assert that the district court erred in awarding temporary total disability benefits retroactive to April 6, 1992 because plaintiff stipulated to a wage earning capacity of $100.00 per week effective that date at the beginning of trial and because plaintiff reported actual earnings resulting from his own job placement. Appellants argue that, at the beginning of trial, plaintiff stipulated that the benefits being sought were a reinstitution of supplemental earning benefits after March 31, 1997. As a result of the stipulation, appellants contend that the district court had no legal basis upon which to award benefits retroactive to April 6,1992.
However, at the beginning of the trial on the merits, these were the only stipulations made by both parties as follows: The accident date was July 24, 1989. The accident and injury occurred during the course and scope of the employment with GHCC. Mr. Godeaux’s average weekly wage at the time of injury was $340.00 with a corresponding compensation rate of $226.68. On April 6, 1992, Mr. Godeaux reported a wage earning capacity of $100.00 a week. Benefits were reduced to $158.76 per week at that time. Those benefits were terminated altogether effective March 31, 1997.
|9The stipulations were presented verbally at the start of the trial on the merits. At that time, counsel for the defendants stated, “I think what we are arguing about today is the benefits allegedly due after March 31, 1997. Correct, Buck?” Counsel for Mr. Godeaux responded “Correct.” Mr. Godeaux denies that that was a stipulation that he was seeking only re-institution of benefits after March 31, 1997, because he was seeking all benefits that were due him. Evidence presented at trial by both parties referred not only to the time after March 31, 1997, but also to the time prior to that date, without objection from either party. It is apparent that the pleadings, the evidence presented by the parties, and the ruling of the trial court did not consider the colloquy a binding parameter. The district court made a reasonable determination that the benefits sought by Mr. Godeaux were all those benefits due to him from the time that appellants reduced those benefits on April 6,1992.
The district court, in its oral reasons, stated the following:
This instant action was commenced by petition on January 3rd of 1990. Thereafter, weekly compensation benefits were instituted, back payments likewise being paid, based on plaintiffs average weekly wage at the time of the accident, of $340.00.
Defendant unilaterally reduced the weekly benefit to $226.68 contending that plaintiff should be receiving supplemental earnings benefits or SEB. This change in benefits was unknown to the Office of Workers’ Compensation or anyone else except plaintiff and defendant.
Thereafter, defendants continued the supplemental earning[s] benefits of $158.76 until March 31, 1997 when all benefits were terminated, allegedly due to the fact that plaintiff denied any earnings after his accident.
The evidence reflects that no medical substantiation for the reduction was ever considered by defendant, nor was plaintiff accorded adequate vocational rehabilitation assistance.
The record likewise is devoid of any evidence whatsoever that the Veterans Administration has ever discharged *678 plaintiff to return to work, defendants having based their decision on the independent medical examine performed by Dr. Thomas Flynn who was not the treating physician of plaintiff.
The court further finds that plaintiff has a very limited education, having never attended high school, is blind in his right eye, does not have a driver’s license, has a lower back problem, and is restricted from doing any lifting.
The court is of the opinion that plaintiff is entitled to judgment awarding the full amount of $226.68 per week starting April 6, 1992 to date of judgment, subject to the credit of $158.76 weekly, which is a difference of $67.92 a week after the supplemental earnings benefits were initiated.
In other words, the plaintiff will be entitled to be reimbursed the sum of $67.92 weekly for the eight months during the calendar year of 1992, for the years 1993, 1994, 1995, 1996, and three months of 1997, or a total of $15,823.03.
|inAfter a thorough review of the record, we find a reasonable basis for the district court’s finding that Mr. Godeaux was entitled to receive total temporary disability payments from April 6, 1992. As a result, this assignment of error is without merit.
Next, the appellants argue that the district court erred in refusing to admit into evidence the plaintiffs personnel file from Thomas Brand Siding, a subsequent Florida employer, to show an increase in the plaintiffs wage earning capacity in June of 1994 to $280.00 per week. Appellants cite Louisiana Revised Statute 23:1317, which states, in pertinent part, that “[t]he workers’ compensation judge shall not be bound by technical rules of evidence or procedure other than as herein provided, but all findings of fact must be based upon competent evidence and all compensation payments provided for in this Chapter shall mean and be defined to be for only such injuries as are proven by competent evidence, or for which there are or have been objective conditions or symptoms proven, not within the physical or mental control of the injured employee himself.”
The record indicates that when the Thomas Brand Siding personnel file was introduced, it was only after the appellants’ attorney questioned Mr. Godeaux about whether he worked at Thomas Brand Siding, his length of employment, and how much was he paid. Mr. Godeaux testified that he worked at Thomas Brand Siding for about six weeks. Appellant’s counsel, when cross-examining Mr. Go-deaux, asked him a question regarding his time at Thomas Brand Siding. He then sought to introduce the entire personnel file into evidence. The district court asked how the entire file would be admissible. The appellants’ counsel responded by stating that the records were subpoenaed and they were produced to him by the employer along with an affidavit as to their authenticity. No other argument was made to show the relevance or purpose of admitting the entire personnel records of Thomas Brand Siding. Appellants did not offer a reason as to why the personnel record in its entirety should have been admitted. Mr. Godeaux admitted he worked for Thomas Brand Siding for approximately six or seven weeks with wages being from $6.75 to $7.00 per hour. Appellants’ counsel never indicated that the personnel records were being offered for | ^impeachment purposes. Generally, the district court is accorded discretion concerning the admission or exclusion of evidence on the grounds of relevance. La. C.E. arts. 401-403. The district court is also given a great deal of discretion in assessing the probative value of evidence. Relaxed rules of evidence and procedure apply in workers’ compensation proceedings, and evidence which may be inadmis *679 sible in an ordinary proceeding may be considered in a workers’ compensation proceeding, so long as it is “competent evidence.” However, such evidence must be properly admitted in order to be “competent.” Blount v. Exxon Corp., 395 So.2d 355, 358 (La.App. 1 Cir.1981). We find no error committed by the district court in not admitting the entire personnel record of Mr. Godeaux at Thomas Brand Siding.
Appellants also assert that the district court erred in refusing to admit evidence of Mr. Godeaux’s prior inconsistent statements, outright perjury, and evidence of criminal convictions involving moral turpitude. Appellants argue that such misrepresentations constitute an independent basis upon which to terminate benefits and cites La. R.S. 23:1208 in its written brief. During the trial, appellants attempted to question Mr. Godeaux about his assertions in deposition testimony that he was not arrested after a cocaine plea. The district court determined that line of questioning to be irrelevant. Appellants argued that the testimony goes to credibility and cited to Resweber v. Haroil Construction Company, 94-2708 (La.9/5/95), 660 So.2d 7, stating that any false statements made during the course of a workers’ compensation claim can disqualify plaintiff from receiving any further compensation. Appellants’ counsel also made reference to Mr. Godeaux giving several different addresses on the police reports reflecting his arrests. The district court also declined at the appellants’ urging to admit the entire deposition testimony of Mr. Godeaux into evidence where Mr. Go-deaux was present testifying at trial.
Louisiana Revised Statutes 23:1208 applies to any false statement or misrepresentation, including one concerning a prior injury, made specifically for the purpose of obtaining workers’ compensation benefits and therefore generally becomes applicable at the time of an employee’s accident or claim. This broadly h ¿worded statute encompasses false statements or misrepresentations made to anyone, including the employer, physicians or insurers, when made willfully or deliberately for the purpose of obtaining benefits. Resweber v. Haroil Construction Company, 660 So.2d at 9. Whereas appellants correctly state that Section 1208 applies to any false statement, the false statement must be made specifically for the purpose of obtaining workers’ compensation benefits. No evidence exists in the record to support appellants’ contentions that Mr. Godeaux having different addresses on his arrest records or Mr. Godeaux denying that he was arrested after a certain time were statements given specifically for the purpose of obtaining workers’ compensation benefits. As stated previously, the district court in a workers’ compensation case enjoys broad discretion when applying the rules of evidence. Prior inconsistent statements can be used to attack the credibility of a witness unless the court determines that the probative value of the evidence on the issue of credibility is substantially outweighed by the risks of undue consumption of time, confusion of the issues, or unfair prejudice. La. C.E. art. 607(D)(2). The district court’s determination that those statements were irrelevant is within its discretion and we do not disturb this ruling.
Appellants argue in their written brief that other misrepresentations were made by Mr. Godeaux. Yet, appellants simply did not present those misrepresentations to the witness nor the district court. Before extrinsic evidence of a prior inconsistent statement is admissible, the proper foundation must be laid. Busby v. St. Paul Insurance Co., 95-2128, p. 9 (La.App. 1 Cir. 5/10/96), 673 So.2d 320, 327. This foundation requires that the time, place and circumstances of the making of the prior statement be called to the witness’ attention and the witness be given *680 opportunity to admit or deny having made the prior statement. Id. The district court did not err in its determinations regarding admissibility of the evidence as presented by appellants during trial.
CONCLUSION
For the reasons cited herein, we affirm the district court’s judgment in favor of Steven Godeaux; all costs of this appeal are assessed to appellants, 113Guy Hopkins Construction Company, Inc., and Travelers Casualty-and Surety Company.
AFFIRMED.
FOGG, J., concurs and assigns reasons.

. Prior to this motion, defendants, Mr. Chapman d/b/a LCCC, GHCC, and AETNA, filed pleadings jointly. No explanation appears in the record for the absence of defendants, Mr. Chapman d/b/a LCCC and AETNA, or for the addition of Travelers as a party defendant.