844 So.2d 282 (2003)
Frank H. HUDSON
v.
EAST BATON ROUGE PARISH SCHOOL BOARD
No. 2002 CA 0987.
Court of Appeal of Louisiana, First Circuit.
March 28, 2003.
*284 Frank H. Hudson, Baton Rouge, Appellant, In Proper Person.
Tina Darensbourg, Baton Rouge, Attorney for Defendant/Appellee, East Baton Rouge Parish School Board.
Before: CARTER, C.J., WHIPPLE, and CIACCIO,[1] JJ.
CARTER, C.J.
Frank Hudson appeals a judgment of the Office of Workers' Compensation Administration (OWC) sustaining a peremptory exception raising the objection of prescription and dismissing his claims for workers' compensation benefits.

FACTS
On October 30, 1998, Hudson filed a disputed claim for compensation against his former employer, the East Baton Rouge Parish School Board (School Board) and its insurer, Gallagher Bassett Insurance (Insurer). Hudson asserted that he injured his neck, rotator cuff and hands in a 1992 accident. Hudson further asserted that he was discharged from his employment and since that time has received no benefits.
The School Board filed a peremptory exception raising the objection of prescription, contending Hudson's claims were prescribed under LSA-R.S. 23:1209. It contended that Hudson's claim for indemnity benefits prescribed on January 11, 1996 and his claim for temporary total disability benefits prescribed on January 11, 1998. After a hearing, the Workers' Compensation Judge (WCJ) sustained the peremptory exception raising the objection of prescription and dismissed Hudson's claims. Hudson appeals.

MOTION TO INTRODUCE EVIDENCE
On the same date he filed his appeal brief, Hudson filed with this court a motion to introduce additional evidence. The motion was referred to the merits of this appeal.
As an appellate court, we have no jurisdiction to receive new evidence. Jones v. Rodrigue, XXXX-XXXX, XXXX-XXXX, p. 9 (La.App. 1st Cir.11/3/00), 771 So.2d 275, 281. An appellate court must render its judgment upon the record on appeal. LSA-C.C.P. art. 2164. The record on appeal is that which is sent by the OWC to the appellate court and includes the pleadings, court minutes, transcripts, jury instructions, judgments and other rulings, unless otherwise designated. LSA-C.C.P. arts. 2127 and 2128; Official Revision Comment (d) for LSA-C.C.P. art. 2127. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Hazey v. McCown, XXXX-XXXX, p. 5 (La.App. 1st Cir.5/10/02), 818 So.2d 932, 936. Therefore, *285 the motion to introduce additional evidence must be and hereby is denied.

MOTION TO CONSOLIDATE
On the day before oral argument in this case, Hudson filed a second motion styled a "Motion to Consolidate." Through that motion, Hudson seeks to have this court consider issues concerning denial of unemployment and social security benefits as part of this appeal.
Generally, appellate courts will not consider issues raised for the first time on appeal, which were not pleaded in the court below and which the court below has not addressed. Geiger v. State ex rel. Dept. of Health and Hosp., 2001-2206, p. 11 (La.4/12/02), 815 So.2d 80, 86. This court has received correspondence from Hudson, along with accompanying documents, purporting to show that certain issues were discussed before the WCJ. However, the only issue before the WCJ at the hearing, and the only issue the WCJ considered, was the peremptory exception raising the objection of prescription. While the issues to which Hudson refers may have been informally discussed, procedurally, the only issue properly before this court is that of prescription. We cannot address the substantive issues Hudson raises through his motion to consolidate. Consequently, that motion is denied.

PRESCRIPTION
The judgment appealed from sustained a peremptory exception raising the objection of prescription.[2]
Liberative prescription is a mode of barring actions as a result of inaction for a period of time. LSA-C.C. art. 3447. The prescriptive period applicable to claims for workers' compensation benefits is set forth in LSA-R.S. 23:1209A, which provides, in pertinent part:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident. *286 Thus, under LSA-R.S. 23:1209A, claims are barred unless filed within: (1) one year from the date of the accident; (2) one year from the last compensation payment for total disability or three years from the last payment for partial disability; or (3) one year from the time the injury develops if not immediately manifested, but, in any event, no more than two years after the accident. Additionally, LSA-R.S. 23:1209C provides that a claim for medical benefits prescribes one year from the date of the accident unless payments have been agreed upon, or unless a claim is filed within one year of the accident. Where payments have been made, the claim prescribes three years from the date of the last payment of medical benefits. Jackson v. Southern Livestock Supply, 2001-2560, p. 4 (La.App. 1st Cir.11/8/02), 834 So.2d 460, 463-464.
The burden of proof is generally on the party pleading prescription. However, when a workers' compensation claim to recover benefits has prescribed on its face, the claimant has the burden of showing that prescription has been interrupted in some manner. Evidence may be introduced to support or controvert the peremptory exception raising the objection of prescription when the grounds do not appear on the face of the petition. LSA-C.C.P. art. 931. Generally, in the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true. Jackson, 834 So.2d at 464.
At the hearing on this matter, the WCJ heard the argument of counsel for the School Board then questioned Hudson herself. The WCJ made a factual finding that January 11, 1995 was the last date that temporary total disability payments were paid to Hudson, and the date that Hudson's prescriptive period commenced. Based on her questioning of Hudson, the WCJ also found that the School Board did not pay him wages in lieu of compensation for days he missed. However, no evidence was introduced at the hearing and no sworn testimony was presented.[3]
Relaxed rules of evidence and procedure apply in workers' compensation proceedings. Evidence that may be inadmissible in an ordinary proceeding may be considered in a workers' compensation proceeding, so long as it is "competent evidence." LSA-R.S. 23:1317A; Godeaux v. Lewis Chapman Const. Co., XXXX-XXXX, p. 11 (La.App. 1st Cir.12/31/02), 836 So.2d 670, 678. However, such evidence must be properly admitted in order to be "competent." Godeaux, 836 So.2d at 679. The Louisiana Supreme Court has explained:
LSA-RS 23:1317 mandates that the hearing officer's factual findings be based on "competent evidence." La. Rev.Stat. Ann. 23:1317(A) (West Supp. 1997). This legislative mandate is necessary because under the express language of LSA-RS 23:1317, worker's compensation hearing officers are "not bound by the technical rules of evidence." Id. In other words, the hearing officer has the discretion to admit evidence that would otherwise be inadmissible under the Louisiana Code of Evidence. This more relaxed standard for the admissibility of evidence is the general rule in proceedings before administrative agencies. McCormick on Evidence § 352 (4th ed.1992). The legislative requirement that a hearing officer's factual-findings be based upon *287 competent evidence is the safeguard that ensures that the factual findings are made on evidence that has some degree of reliability and trustworthiness, notwithstanding that the evidence might fall outside of the technical rules for admissibility. Therefore, when a reviewing court evaluates the factual findings of a hearing officer under the manifest error standard, it must determine whether the factual findings are reasonable and supported by competent evidence in the record. Although the Legislature has not defined "competent evidence," in order to give the relaxed evidentiary standard in LSA-RS 23:1317 effect, it must not be defined so narrowly as to mean only evidence that would fall within the parameters of the Louisiana Code of Evidence. If the hearing officer's factual findings are reasonably supported by competent evidence, then the reviewing court must affirm them.
Chaisson v. Cajun Bag & Supply Co., 97-1225, pp. 9-10 (La.3/4/98), 708 So.2d 375, 381 (footnote omitted). Even under the relaxed evidentiary rules applicable in this case, the argument of counsel and the unsworn testimony of a pro se litigant are not competent evidence sufficient to support the WCJ's factual findings.
In the absence of evidence, the peremptory exception should have been decided on the allegations of the petition, with all of those allegations accepted as true. We have reviewed Hudson's disputed claim for compensation, which serves as his petition. Hudson's alleges a date of accident or injury of September 15, 1992. He further alleges that since his discharge from employment, he has not received medical or monetary benefits. Hudson does not allege a date that those benefits ceased or a date of discharge of his employment.
Considering the allegations of the petition, we cannot say that Hudson's claim is prescribed on its face. Accepting the allegations as true, Hudson was paid some benefits prior to his unknown date of discharge. However, the date that the benefits ceased and the prescriptive period commenced is unclear. Prescription statutes are to be strictly construed in favor of maintaining rather than barring actions. Ortis v. Ortco Contractors, Inc., XXXX-XXXX, p. 3 (La.App. 1st Cir.9/28/01), 809 So.2d 300, 302. Based on the absence of evidence and the ambiguities in Hudson's petition, the judgment of the WCJ sustaining the peremptory exception raising the objection of prescription and dismissing Hudson's claims is reversed.

CONCLUSION
For the reasons set forth herein, the motion to introduce evidence and the motion to consolidate are denied. The judgment of the OWC sustaining the peremptory exception raising the objection of prescription is reversed. Costs of this appeal in the amount of $284.03 are assessed to the East Baton Rouge Parish School Board. This case is remanded to the OWC for further proceedings consistent with the views expressed herein.
MOTION TO INTRODUCE EVIDENCE DENIED; MOTION TO CONSOLIDATE DENIED; JUDGMENT REVERSED; CASE REMANDED.
NOTES
[1] Hon. Philip Ciaccio, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Hudson is representing himself in this appeal. His pro se brief contains no assignments of error, but clearly challenges the judgment sustaining the exception raising the objection of prescription. A layman representing himself cannot be held to the same standards of skill and judgment that must be attributed to an attorney. However, he assumes responsibility for his own inadequacy and lack of knowledge of both procedural and substantive law. Lapeyrouse v. Barbaree, XXXX-XXXX, p. 7 (La.App. 1st Cir.12/20/02), 836 So.2d 417, 422. Considering the pro se nature of this appeal, and the fact that the School Board has not alleged any prejudice, we will address the legal issues relating to Hudson's appeal of the judgment sustaining the peremptory exception raising the objection of prescription.
[3] The record in this matter contains a certification by the court reporter that no sworn testimony was produced at the hearing on the peremptory exception raising the objection of prescription.