PARRO, J.,
dissenting.
L The defendant in this case filed a peremptory exception raising the objection of prescription as to the disputed claim filed by Sylvia Hamilton. If the facts alleged in a petition do not show that a claim has prescribed, the burden is on the party raising the objection of prescription to prove it. Conversely, if a claim is prescribed on the face of the pleadings, the burden is on the claimant to show that prescription has not tolled because of an interruption or a suspension of prescription. Boudreaux v. Angelo Iafrate Const., 03-2260 (La.App. 1st Cir.2/4/05), 895 So.2d 596, 598.
Here, the claimant’s disputed claim form (which serves as her petition), filed on December 19, 2003, sets forth allegations that Ms. Hamilton was injured December 21, 2001, while working at Louisiana State University, that she reported the accident to her department head, and that she was provided medical attention by a number of named physicians. She identified possible witnesses. On the face of her disputed claim form, her claim was prescribed; therefore, Ms. Hamilton had the burden of showing, at the hearing on this matter, that the running of prescription was suspended or interrupted in some manner. Jonise v. Bologna Brothers, 01-3230 (La.6/21/02), 820 So.2d 460, 464.
*158 |aAt the trial of a peremptory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. LSA-C.C.P. art. 931. At the hearing on this matter, the workers’ compensation judge heard the argument of counsel for the State of Louisiana and then questioned Ms. Hamilton. Even under the relaxed evidentiary rules applicable in workers’ compensation proceedings, the argument of counsel and the unsworn testimony of a pro se litigant are not competent evidence. Hudson v. East Baton Rouge Parish School, 02-0987 (La.App. 1st Cir.3/28/03), 844 So.2d 282, 287. In the absence of any evidence supporting the possible application of the developing injury doctrine to this case, Ms. Hamilton failed to establish that her claim had not prescribed. Therefore, the trial court properly sustained the defendant’s exception raising the objection of prescription.
The fact that Ms. Hamilton was representing herself at the hearing in this matter and possibly lacked knowledge of the procedural and substantive law applicable to her case is of no moment. Although a lay person representing himself or herself cannot be held to the same standards of skill and judgment that must be attributed to an attorney, he or she assumes responsibility for his or her own inadequacy and lack of knowledge of both procedural and substantive law. Hudson, 844 So.2d at 285 n. 2. Contrary to the majority’s holding, the law does not impose a duty on the workers’ compensation judge to “insure” that the statements made by Ms. Hamilton were made under oath. See Hudson, 844 So.2d at 287.
For these reasons, I respectfully dissent.